UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |  | |
|---|---|---|---|
| WASHINGTON GRIFFIN, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | 17-CV-4112 | |
| | ) | | |
| STEPHANIE DORETHY, et al., | ) | | |
| | ) | | |
| Defendants. | ) | | |

**MERIT REVIEW OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in the Danville Correctional Center. His amended complaint, filed as an attachment to his "motion to file complete complaint," is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir.

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that, on May 31, 2016, he was taking a shower in the orientation housing unit at Hill Correctional Center when the water suddenly became scalding hot, causing him excruciating pain and burns that later blistered. Officer Livingston allegedly refused Plaintiff's pleas to go to the health care unit for treatment, leaving Plaintiff to suffer severe pain for days. On June 2, 2016, Plaintiff saw a health care provider who documented Plaintiff's burns and instructed an officer to place a work order to fix the showers. The health care provider sent Plaintiff to the health care unit, but Dr. Sood failed to give Plaintiff any pain medication or burn cream to relieve Plaintiff's pain. Plaintiff does not name Dr. Sood as a Defendant.

Plaintiff lists three counts in his amended complaint: deliberate indifference to serious medical needs; failure to protect from a substantial risk of serious harm; and a supplemental state law claim for the intentional infliction of emotional distress. At this

point, the Court cannot rule out these claims, though how the Warden and Chief Engineer were involved in the lack of medical attention is not stated. Additionally, proving a claim for the intentional infliction of emotional distress is a high burden. <u>Feltmeier v. Feltmeier</u>, 207 Ill.2d 263, 268-69 (2003)(Defendants must engage in "truly extreme and outrageous conduct," know that extreme distress was highly probable, and the plaintiff must have actually suffered extreme distress). However, these determinations are premature.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's motion for leave to file a complete complaint is granted (d/e 7). **The clerk is directed to docket the complaint filed as an attachment to that motion as Plaintiff's amended complaint.**

2) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, this case proceeds on the claims as listed in Plaintiff's amended complaint. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion

by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said

Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not

filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

    8)    Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

    9)    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

    10)    If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant

to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

12) **Plaintiff's motion for the Court to appoint counsel is denied (3),** with leave to renew informing the Court how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

13) **The clerk is directed to attempt service on Defendants pursuant to the standard procedures (waivers of service).**

14) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: 05/26/2017

FOR THE COURT:

                             **s/Sue E. Myerscough**
                             SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE